**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZAID ABDUL NAFEES SALAM | : | |
| | : | |
| Appellant | : | No. 955 EDA 2025 |

Appeal from the PCRA Order Entered March 28, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006494-2015

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 4, 2026**

Appellant Zaid Abdul Nafees Salam appeals from the order dismissing his second Post-Conviction Relief Act[1] (PCRA) petition as untimely. On appeal, Appellant claims the PCRA court erred in dismissing his petition as untimely. After review, we affirm.

The PCRA court set forth the facts and procedural history of this case as follows:

> On May 6, 2016, a jury convicted [Appellant] of simple assault, kidnapping and involuntary deviate sexual intercourse.[2] On March 1, 2017, the court found [Appellant] to be a sexually violent predator (SVP) and on June 30, 2017, sentenced him to an aggregate term of [nine and a half to nineteen] years imprisonment plus five years consecutive probation.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2901(a)(3), 3123(a)(1), and 2701(a)(1), respectively.

[Appellant] filed an appeal to the Superior Court on July 28, 2017. The Superior Court reversed [Appellant's] SVP designation but affirmed his convictions as well as his sentence of imprisonment and remanded the case for appropriate action by the trial court. On May 30, 2019, [Appellant] was resentenced in accordance with the directive of the Superior Court.

On July 13, 2020, [Appellant] filed a motion for writ of *habeas corpus*, construed as a first [PCRA] petition for which counsel was appointed on July 16, 2020. [Appellant] informed the [PCRA] court that he wished to represent himself. After a ***Grazier***[fn2] hearing the PCRA court entered an order on November 30, 2020, granting [Appellant's] request to proceed *pro se*.

> [fn2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

The PCRA court dismissed [Appellant's] PCRA petition by order dated January 7, 2021, subsequent to which [Appellant] filed an amended state *habeas* petition on January 15, 2021. On March 19, 2021, before the PCRA court could address the *pro se* amended state *habeas* petition, [Appellant] filed a notice of appeal from the January 7, 2021 order dismissing his PCRA petition. On December 2, 2021, [Appellant] filed an amended *habeas corpus* petition and a writ of mandamus followed by an amended motion for oral argument and a [second]amended motion for oral argument on January 11, 2022, all of which were denied by the PCRA court on February 9, 2022.

On January 21, 2022, the Superior Court affirmed the PCRA court's dismissal of [Appellant's] first PCRA petition.[fn3] On May 9, 2022, November 22, 2022 and May 3, 2023, [Appellant] mailed letters to the PCRA court which were docketed as "case correspondence" in which he claims to have had an April 8, 2021 court order releasing him from prison and alleged that his constitutional rights [were] violat[ed] as well as ineffective assistance of counsel. [Appellant] is seeking his release from prison.

> [fn3] *See **Commonwealth v. Zaid Salam**, 501 EDA 2021[, 2022 WL 188931 (Pa. Super. filed Jan. 21, 2022)(unpublished mem.).]*

> [The PCRA] court addressed [Appellant's] claims under the framework of the PCRA[3] and on February 7, 2025, entered a [notice of intent to dismiss pursuant to Pa.R.Crim.P. 907]. On February 19, 2025, [Appellant] filed objections to defective notice to dismiss [(Rule 907 Response)] arguing that [the PCRA] court's order was ambiguous, that [Appellant's] constitutional rights were violated and that this court cannot address the merits of [Appellant's] claim since it has no jurisdiction to do so. On March 28, 2025, [the PCRA] court entered an order dismissing [Appellant's] second PCRA petition. On April 9, 2025, [Appellant] filed a notice of appeal. On April 24, 2025, [the PCRA] court issued an order requiring a [Rule] 1925(b) statement. On May 12, 2025, [Appellant] filed his [Rule] 1925(b) statement.

_____

[3] It is axiomatic that "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Commonwealth v. Hagan*, 306 A.3d 414, 421-22 (Pa. Super. 2023).

Here, the PCRA court construed the three letters that Appellant filed as a PCRA petition. *See* PCRA Ct. Op., 7/16/25, at 2-3; *see also Pro Se* Letter, 5/9/22; *Pro Se* Letter, 11/22/22; *Pro Se* Letter, 5/3/23. From these letters, we are able to glean, *inter alia*, assertions of ineffective assistance of counsel, a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and an illegal sentencing claim. *See Pro Se* Letter, 5/9/22 (claiming "ineffective and insufficient counseloring [sic]" and that "there was also a *Brady* law violation too" (some formatting altered)); *Pro Se* Letter, 5/3/23 (referencing being "illegally sentenced"). All these claims are cognizable under the PCRA. *See Commonwealth v. Crumbley*, 270 A.3d 1171, 1181 (Pa. Super. 2022) (stating "ineffective assistance of counsel is a recognized basis for relief under the PCRA" (some formatting altered)); *Commonwealth v. Simpson*, 66 A.3d 253, 264 n.16 (Pa. 2013) (explaining that a *Brady* claim is cognizable under the PCRA); *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (explaining that legality of sentence claims are reviewable under the PCRA).

Since Appellant's letters, which were filed after his judgment of sentence became final, requested relief cognizable under the PCRA, the PCRA court properly considered the letters as a PCRA petition. *See Hagan*, 306 A.3d at 421; *see also Commonwealth v. Clark*, 885 A.2d 1030, 1031 n.1 (Pa. Super. 2005)(finding a PCRA court properly treated a *pro se* letter filed after the petitioner's judgment of sentence was final as a PCRA petition where the letter raised issues cognizable under the PCRA).

PCRA Ct. Op., 7/16/25, at 1-3 (some formatting altered and some footnotes omitted).

On appeal, Appellant raises the following claims:

1. Was . . . Appellant denied due process by the sentence court's failure to comply with 42 Pa.C.S. § 9757 aggregating minimums and maximum sentences?

2. Did [the PCRA] court err[] by not complying with Pa.R.Crim.P. . . . 705(a) mandate to state the date each sentence is to commence?

3. Notwithstanding court precedent holding illegal sentence cannot be waived, if not challenged within one year, a violation of Rule 705(a) and [Section] 9757 violate [the] court's sworn oath and Pa.Const. Art. V. Sec. 17(b), would fall under government interference exception, and which is jurisdictional defect, would it not?

4. Do illegal sentence[s] effect jurisdiction of the court when public sworn oath of [the sentencing court] result in violation of the law?

Appellant's Brief at 4 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See **Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see***

*also Ballance*, 203 A.3d at 1031 (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Here, Appellant's judgment of sentence became final on July 1, 2019 when his time to file a notice of appeal from resentencing expired. *See Salam*, 2022 WL 188931 at *2. Accordingly, Appellant had until July 1, 2020 to file a timely PCRA petition. *See id.* Since Appellant's second PCRA petition was filed on May 9, 2022,[4] nearly three years after his judgment of sentence became final, his petition is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

_____

[4] We note that Appellant filed multiple letters from May 9, 2022 until May 3, 2023, which the PCRA court treated as petitions for relief under the PCRA. *See* PCRA Ct. Op., 7/16/25, at 2-3; *see also* Pro Se Letter, 5/9/22; Pro Se Letter, 11/22/22; Pro Se Letter, 5/3/23. Even utilizing the date of the earliest filed letter, Appellant's petition is facially untimely.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, Appellant failed to plead or prove any of the timeliness exceptions in the three letters he filed with the PCRA court. *See Pro Se* Letter, 5/9/22; *Pro Se* Letter, 11/22/22; *Pro Se* Letter, 5/3/23. Further, Appellant did not seek leave to amend his PCRA petition to satisfy a timeliness exception in response to the PCRA court's Rule 907 notice. *See* Rule 907 Response, 2/19/25. While Appellant raises the government interference exception in his appellate brief, *see* Appellant's Brief at 4, any argument regarding this exception is waived on appeal, as he failed to present it to the PCRA court.[5]

_____

[5] In any event, while Appellant mentions the governmental interference exception in his brief, he does not develop any argument regarding that exception. *See* Appellant's Brief at 4, 7-9. Instead, Appellant argues that
*(Footnote Continued Next Page)*

**See** Pa.R.A.P. 302(a); **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) (stating that "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal"). Since Appellant has failed to plead and prove an exception to the PCRA's jurisdictional time bar, the PCRA court did not err in dismissing Appellant's second PCRA petition as untimely.[6] **See Sandusky**, 203 A.3d at 1043; **Ballance**, 203 A.3d at 1031; **Jones**, 54 A.3d at 16; **Albrecht**, 994 A.2d at 1094.

Order affirmed. Jurisdiction relinquished.

---

"the PCRA's time-bar violates the state and federal constitutions and is void and unconstitutional." **Id.** at 7-9. Appellant failed to present this argument to the PCRA court and, as such, it is waived on appeal. **See** Pa.R.A.P. 302(a).

Appellant also argues that his claim presents a non-waivable subject matter jurisdiction issue. **See** Appellant's Brief at 7. In arguing this claim, Appellant contends that "the sentencing court failed to comply with Pa.R.Crim.P. 705(a)" during sentencing. **See id.** Such a claim does not implicate the subject matter jurisdiction of a court and instead goes to the legality of sentence. **See Commonwealth v. Lua**, 332 A.3d 125, 130 (Pa. Super. 2025) (addressing a claim that the trial court failed to adhere to Rule 705(a) as a challenge to the legality of sentencing). Illegal sentencing claims are subject to the PCRA's jurisdictional time-bar. **See Ballance**, 203 A.3d at 1031 (stating that while "legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto" (citation omitted)).

[6] Because Appellant's PCRA petition is untimely without an exception, we have no jurisdiction to address the merits of his claims on appeal. **See Ballance**, 203 A.3d at 1031.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/4/2026